# SUMMONS ISSUED

Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For The Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

Pius Onwuzo,

        :

      Plaintiff,

        :

   - against -

        :

Seamen's Society For Children And
Families,

        :

      Defendant.

        :

- - - - - - - - - - - - - - - x

**COMPLAINT AND JURY DEMAND**
**JURY TRIAL DEMANDED**

CV11-1964

AMON, CH.J.

AZRACK, M.J.

## NATURE OF THE ACTION AND THE PARTIES

1.    This is an action to redress unlawful interference, retaliation, discrimination and discharge in violation of the Family and Medical Leave Act of 1993, as amended (the "FMLA"), 29 U.S.C. § 2601 et seq.

2.    Plaintiff Pius Onwuzo ("Mr. Onwuzo" or "Plaintiff") is an adult male residing in New York.

3.    Upon information and belief, Defendant Seamen's Society For Children And Families ("Defendant" or the "Company") is a New York social service agency with a principal place of business at 50 Bay Street, Staten Island, New York 10301.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over Plaintiff's claims based on 29 U.S.C. § 2617 and 28 U.S.C. §§ 1331 and 2201.

5.    Venue is proper in this district based on 28 U.S.C. § 1391.

6.   Plaintiff filed this lawsuit in a timely fashion.

7.   Plaintiff seeks an award of appropriate relief.

## FACTS

8.   Mr. Onwuzo was employed by Defendant as a Supervisor from July 2009 to September 14, 2010.

9.   At all times, Mr. Onwuzo was fully qualified for his position.

10.   Mr. Onwuzo has a daughter that resides with him.

11.   Mr. Onwuzo's daughter has a serious medical condition, including without limitation a kyphoscoliotic deformity, requiring inpatient care in a hospital or other care facility or continuing treatment by a health care provider.

12.   On or about September 6, 2010, Mr. Onwuzo informed Defendant, by Ms. Brooke Paige (Assistant Director), that Mr. Onwuzo was taking off one day on September 10, 2010 to take his daughter to a doctor's appointment in Manhattan.

13.   On September 8, 2010 Mr. Onwuzo submitted a vacation/personal time off request form to Defendant for such purposes.

14.   Under the FMLA, Mr. Onwuzo was entitled to take 12 weeks of leave, to care for his daughter, and to take it intermittently.

15.   Mr. Onwuzo was entitled to the time off under the FMLA.

16.   Defendant knew or should have known that Mr. Onwuzo was exercising his protected legal right under FMLA to care for his daughter that has a serious medical condition.

-2-

17. Mr. Onwuzo had enough vacation time to cover one requested day off from work.

18. Ms. Paige initially approved Mr. Onwuzo's request.

19. However, during the afternoon on September 9, 2010, Ms. Paige told Mr. Onwuzo that she was reducing the granted one-day off to only one-half day off, and directed Mr. Onwuzo to work from 9:00 a.m. to 12:00 p.m. on September 10, 2010.

20. Mr. Onwuzo needed the entire day off on September 10, 2010 to care for his daughter that has a serious medical condition.

21. Notably, Mr. Onwuzo needed the entire day off because, among other items: (a) his daughter has a spastic gait and ambulates with difficulty; (b) his commute to and from work is about 1.5 hours; (c) the doctor's office is located in Manhattan; and (d) Mr. Onwuzo needed to allow several hours for him to transport his daughter to and from the doctor's office.

22. On September 9, 2010, Mr. Onwuzo reminded Ms. Paige of the severity of his daughter's medical condition and the fact that he needed the entire day off on September 10, 2010.

23. On September 10, 2010, Mr. Onwuzo took his daughter to the doctor and did not report to work that day.

24. Mr. Onwuzo's absence from work on September 10, 2010 was to care for his daughter that has a serious medical condition and was protected by the FMLA.

25. On September 13, 2010, Mr. Onwuzo reported to work.

-3-

26.   On September 13, 2010, Ms. Paige entered Mr. Onwuzo's office and criticized him for his absence on September 10, 2010.

27.   Ms. Paige told Mr. Onwuzo that she also has a sick parent and that Ms. Onwuzo has to choose between his daughter and his job.

28.   At that time, Mr. Onwuzo reminded Ms. Paige of the severity of his daughter's medical condition and the fact that he had needed the entire day off on September 10, 2010.

29.   On September 14, 2010, Defendant fired Mr. Onwuzo.

30.   Defendant, by Phyllis Davide (Vice President, Human Resources) issued a letter of termination to Mr. Onwuzo.

31.   The termination letter issued by Defendant referred to Mr. Onwuzo's absence from work on September 10, 2010.

32.   At the time Defendant fired Mr. Onwuzo, Defendant knew that his absence on September 10, 2010 was protected by the FMLA.

33.   Defendant unlawfully interfered with Mr. Onwuzo's right to take FMLA leave, retaliated and discriminated against him, and unlawfully discharged him, in violation of the FMLA.

34.   As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages.

35.   Shortly after Defendant unlawfully fired Mr. Onwuzo, his daughter was admitted into a hospital due to her serious medical condition.

-4-

## COUNT ONE

### (FMLA)

36.  Plaintiff repeats and realleges every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as though fully set forth herein.

37.  This Count is brought under the FMLA, as amended, 29 U.S.C. § 2601 et seq. and reference is made to the FMLA in its entirety and to 29 U.S.C. §§ 2611, 2612, 2614, 2615, and 2617.

38.  At all relevant times, Plaintiff was an "eligible employee" and was and is a person within the meaning of the FMLA.

39.  Defendant was and is an employer within the meaning of the FMLA.

40.  At all relevant times, Plaintiff was qualified for his position.

41.  Plaintiff's daughter has a serious health condition within the meaning of the FMLA.

42.  Plaintiff was entitled to FMLA leave to care for his daughter's serious health condition and attempted to exercise his FMLA rights, and was entitled to use FMLA leave.

43.  Under the FMLA, Plaintiff was entitled to utilize his FMLA leave without any adverse employment action or adverse changes to the terms and conditions of his employment.

44.  Defendant unlawfully interfered with, restrained, and/or denied Plaintiff the exercise of rights or the attempt to exercise rights under the FMLA, in violation of the FMLA.

-5-

45. Defendant unlawfully discharged Plaintiff because he exercised or attempted to exercise his FMLA rights and Defendant unlawfully discharged Plaintiff, in violation of the FMLA.

46. Defendant unlawfully retaliated and/or discriminated against Plaintiff for exercising or attempting to exercise rights under the FMLA, in violation of the FMLA.

47. Defendant's proffered reasons for the challenged conduct are a pretext for unlawful interference/discrimination and unlawful retaliation, in violation of the FMLA.

48. Defendant's unlawful interference/discrimination, unlawful retaliation and unlawful discharge of Plaintiff was willful, not made in good faith, made without reasonable grounds for believing that Defendant was not in violation of the FMLA, and violated the FMLA.

49. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation, lost wages, back pay, front pay, raises, bonuses, benefits, pension monies and contributions, and other damages and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment, as follows:

(A)  Enter a judgment declaring the acts and practices of Defendant to be in violation of the FMLA;

(B)  Award Plaintiff as against Defendant the amount of wages, including without limitation back pay, front pay, raises, bonuses, benefits, pension monies and contributions, and interest

-6-

lost as a result of Defendant's unlawful conduct, and reinstatement of employment;

(C)  Award Plaintiff as against Defendant liquidated damages;

(D)  Award Plaintiff as against Defendant the costs of this action, together with attorneys' fees;

(E)  Award Plaintiff any and all other damages and relief provided by the applicable statutes; and

(F)  Grant Plaintiff such other and further relief as may be necessary and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all issues triable.

Dated:   New York, New York
         April 20, 2011

                                 GOLDBERG & FLIEGEL LLP

                        By:      _____
                                 Kenneth A. Goldberg (KG 0295)

                                 60 East 42nd Street, Suite 3421
                                 New York, New York 10165
                                 (212) 983-1077

                                 Attorneys for Plaintiff

-7-